UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC WALKER, also known as Eric Qwasim Z
Walker, also known as Eric Z Q Walker,

                Plaintiff,

      v.                                        9:16-CV-0437
                                                (DNH/DJS)

ST. JOHNS, Correction Officer, Washington
Correctional Facility, and WM NOONAN,
Sergeant, Washington Correctional Facility,

                Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

Eric Walker
Plaintiff, pro se
15-A-2625
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

HON. ERIC T. SCHNEIDERMAN          RYAN E. MANLEY, ESQ.
New York State Attorney General            Ass't Attorney General
Attorney for Represented Defendants
The Capitol
Albany, New York 12224

DAVID N. HURD
United States District Judge

## DECISION AND ORDER

## I. INTRODUCTION

      Plaintiff Eric Walker ("Walker" or "plaintiff") commenced this action by submitting a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 5 ("IFP

Application").

By Decision and Order filed June 23, 2016, Walker's IFP Application was granted but some of plaintiff's claims and certain named defendants were dismissed without prejudice following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 8 (the "June 2016 Order"). The June 2016 Order also directed service and a response for the claims that survived this sua sponte review. *Id*. Defendants St. Johns and Noonan have been served with the summons and complaint and have appeared in this action through counsel. Dkt. Nos. 14, 15, 18.

Presently pending is Walker's amended complaint. Dkt. No. 11 ("Am. Compl."). Plaintiff has also submitted motions for preliminary injunctive relief and for reconsideration of the June 2016 Order. Dkt. Nos. 12, 13. Defendants St. Johns and Noonan requested, and were granted, a stay of their deadline to respond pending a review of the amended complaint. Dkt. Nos. 18, 20.

## II. DISCUSSION

### A. Plaintiff's Original Complaint

In his original complaint, Walker asserted claims arising out of his confinement at Washington Correctional Facility ("Washington C.F."). *See generally* Compl. The complaint was construed to assert the following claims: (1) Eighth Amendment excessive force claims against defendants St. Johns and Noonan; (2) a claim that defendant Ball threatened or harassed Walker; (3) Fourteenth Amendment due process claims against defendants Ball and Rodriguez; (4) First Amendment retaliation claims against defendants St. Johns, Noonan, and Ball; and (5) Eighth Amendment medical indifference claims against

2

defendants Ball and Nurse Doe. June 2016 Order at 6-7.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Eighth Amendment excessive force and First Amendment retaliation claims against defendants St. Johns and Noonan survived sua sponte review and required a response. *See generally* June 2016 Order. However, the remaining claims and defendants were dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id*. In light of his pro se status, plaintiff was also afforded an opportunity to submit an amended complaint with respect to the claims that were dismissed without prejudice. *Id*. at 15.

**B. <u>Review of the Amended Complaint</u>**

In his amended complaint, Walker reasserts the Eighth Amendment excessive force and First Amendment retaliation claims against defendants St. Johns and Noonan that survived sua sponte review. *See generally* Am. Compl. Plaintiff also restates in greater detail the Fourteenth Amendment due process claims against defendants Ball and Rodriguez that were dismissed without prejudice. *Id*.

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the June 2016 Order and it will not be restated in this Decision and Order. *See* June 2016 Order at 2-4.

As relevant to the due process claims, the June 2016 Order stated as follows:

> To successfully state a claim under Section 1983 for denial of due process, a plaintiff must establish both the existence of a protected liberty or property interest, and that he or she was deprived of that interest without being afforded sufficient process. *Shakur v. Selsky*, 391 F.3d 106, 118 (2d Cir. 2004) (citing *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989)). Due

3

process generally requires that the state afford individuals "some kind of hearing" prior to depriving them of a liberty or property interest. *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003).

An inmate's protected liberty interest is implicated where the punishment at issue imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The duration of the challenged confinement, while not determinative, is a significant factor under *Sandin*. The Second Circuit generally takes the position that normal confinement in a segregated housing unit of 101 days or less does not constitute an "atypical and significant hardship" under *Sandin*. *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000) (citing *Sealey v. Giltner*, 197 F.3d 578, 589-90 (2d Cir. 1999)). The "atypicality" inquiry under *Sandin* is normally a question of law. *Colon*, 215 F.3d at 230-31; *Sealey*, 197 F.3d at 585. In making that determination the specific circumstances of the confinement must be considered, including both the duration and the conditions thereof. *Id.*

The due process protections afforded inmates facing disciplinary hearings that affect a liberty or property interest include advance written notice of the charges, a fair and impartial hearing officer, a hearing that affords the inmate the opportunity to call witnesses and present documentary evidence, and a written statement of the evidence upon which the hearing officer relied in making his determination. *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing, inter alia, *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)). The hearing officer's findings must be supported by "some" "reliable evidence." *Id*. (citing, *inter alia*, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).

Here, while Walker claims that the hearing conducted by defendant Ball "was a violation of [plaintiff's] hearing rights," the complaint does not set forth any factual allegations which plausibly suggest the basis for this claim. Thus, plaintiff does not clearly allege that he was denied any of the procedural safeguards to which he was entitled. Although plaintiff does allege that defendant Ball called plaintiff a racially derogatory name and a liar off the record because of what was contained in plaintiff's disciplinary report, Compl. at 5, these conclusory allegations, without more, are insufficient to plausibly suggest that plaintiff was denied due process protections by defendant Ball. Plaintiff also provides no details regarding the charges nor the factual basis for his conviction, therefore, there is no basis upon which this Court can evaluate the plausibility of his claim.

Finally, even looking past the conclusory nature of Walker's due process claims concerning his disciplinary hearing and appeal, plaintiff has failed to allege sufficient facts to identify a protected liberty interest. Plaintiff does not indicate what sentence was imposed by defendant Ball, and upheld on appeal by defendant Rodriguez, as a result of plaintiff's misbehavior report. Nor does

4

> plaintiff include facts to plausibly suggest the he was subjected to an atypical
> and significant hardship as a result of defendants' actions. Thus, the complaint
> is completely devoid of any facts plausibly suggesting that plaintiff was deprived
> of a liberty interest.

June 2016 Order at 8-10. Accordingly, plaintiff's Fourteenth Amendment due process claims against defendants Ball and Rodriguez were dismissed for failure to state a claim upon which relief may be granted, but he was granted leave to amend those claims. *Id*. at 10.

With respect to the due process claims now restated in the amended complaint, Walker alleges that defendant Ball, who conducted plaintiff's Tier III disciplinary hearing, denied plaintiff due process during the course of that hearing. Dkt. No. 11-2 at 2. Among other things, plaintiff claims that defendant Ball was not an impartial hearing officer because he was involved with the investigation of the misbehavior report underlying the Tier III hearing. *Id*.

At the hearing, defendant Ball found Walker guilty of the charges and sentenced plaintiff to serve 120 days in the Special Housing Unit ("SHU") together with 120 days loss of privileges and 4 months of recommended good time loss. Dkt. No. 11-2 at 6-8. Defendant Rodriguez affirmed defendant Ball's disciplinary disposition on appeal. *Id*. at 5-14.

In light of Walker's pro se status, and mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), plaintiff's amended complaint survives initial review and will be accepted for filing. In so ruling, no opinion is expressed as to whether plaintiff's claims can withstand a properly filed dispositive motion.

Despite finding that Walker's Fourteenth Amendment due process claims against defendants Ball and Rodriguez survive review under 28 U.S.C. § 1915(e)(2)(B) and 28

5

U.S.C. § 1915A(b), service of the amended complaint upon defendants Ball and Rodriguez will not be directed at this time.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a Section 1983 action seeking money damages is not cognizable if a decision in favor of the plaintiff would necessarily invalidate a criminal conviction unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck*, 512 U.S. at 487 (internal citation omitted).[1]

Moreover, the *Heck* Court directed that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.[2]

Conversely, where the Section 1983 action even if successful will *not* demonstrate that invalidity of any outstanding criminal judgment or prison disciplinary determination against the plaintiff, a court should allow the action to proceed. *See Heck*, 512 U.S. at 487 (footnote omitted). In a subsequent case, *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court made clear that *Heck*'s favorable termination rule applies to challenges made

---

[1] Absent such a showing, an inmate may only seek relief in the federal courts through a petition for habeas corpus. *See Jenkins v. Haubert*, 179 F.3d 19, 23 (2d Cir. 1999).

[2] In a subsequent case, the Supreme Court noted that "*Heck* uses the word 'sentence' to refer not to prison procedures, but to substantive determinations as to the length of the confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005) (citation omitted). The Supreme Court further explained that "*Heck* uses the word 'sentence' interchangeably with such other terms as 'continuing confinement' and 'imprisonment.'" *Id.* (citing *Heck,* 512 U.S. at 483, 486) (other citation omitted).

6

under Section 1983 to procedures used in disciplinary proceedings that deprived a prisoner of good time credits. *Peralta v. Vasquez*, 467 F.3d 98, 103 (2d Cir. 2006).

In *Peralta*, the Second Circuit ruled that *Heck*'s "favorable termination" rule was not an absolute bar to a prisoner subject to "mixed sanctions," i.e., "sanctions that affect both (a) the duration of his imprisonment and (b) the conditions of his confinement . . . ." 467 F.3d at 104. The Second Circuit held that "a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but . . . he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement*." *Id*. (emphasis in original).

Here, defendant Ball's December 2015 disciplinary disposition implicates the validity of Walker's disciplinary conviction and sentence because plaintiff was subjected to "mixed sanctions" affecting both the duration of (recommended good time loss) and the conditions of his confinement (SHU). Plaintiff alleges that he appealed the disposition to defendant Rodriguez and it was affirmed.

Since Walker has not demonstrated that defendant Ball's December 2015 disciplinary disposition has been invalidated, *Heck* bars the due process claims arising from defendant Ball's December 2015 disciplinary disposition and the appeal to defendant Rodriguez unless plaintiff "abandon[s], not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding[s] he is attacking in [this] § 1983 suit." 467 F.3d at 104.

Accordingly, Walker is directed to advise the Court in writing, within thirty (30) days of the filing date of this Decision and Order, whether he waives for all times all claims in this

action relating to the disciplinary sanctions affecting the *duration of* his confinement (i.e., the loss of good time) in order to proceed with his claims challenging the sanctions affecting the *conditions of* his confinement.[3]

Importantly, Walker is advised that his failure to file this statement (the "*Peralta* Waiver") within the required time period will be deemed a refusal to waive these claims, and such failure will result in the dismissal without prejudice of the Fourteenth Amendment due process claims against defendants Ball and Rodriguez arising from defendant Ball's December 2015 disciplinary disposition and the appeal to defendant Rodriguez.

### C. Motion for Preliminary Injunctive Relief

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).

However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc*., 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving

---

[3] In the alternative, plaintiff may demonstrate that the disciplinary sentence was reversed or invalidated.

party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).

The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).[4]

Walker's motion for preliminary injunctive relief states in its entirety:

> Sir or Ma-am. I[ ] really will like a (TRO) temporary restraining order on all defendants please. I[']m requesting this to happen if possible.

---

[4] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

9

Dkt. No. 12. Plaintiff presents no basis for issuance of any type of preliminary injunctive relief. He does not indicate what conduct he wishes to enjoin and presents no evidence at all to meet any of the requirements for preliminary injunctive relief. At best, plaintiff's motion amounts to little more than an "obey the law" injunction.

"Obey the law" injunctions are vague, do not require the defendants to do anything more than that already imposed by law, subject the defendants to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement. As such, these injunctions are not favored. *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Division of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008).

According to the Second Circuit, "'[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.'" *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) (quoting *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996)).

Based upon the foregoing, Walker's motion for preliminary injunctive relief (Dkt. No. 12) is denied.

### D. **Motion for Reconsideration**

As noted at the outset, Walker has also filed a motion for reconsideration of the June 2016 Order. Construed liberally, plaintiff's motion for reconsideration seeks reinstatement of his Fourteenth Amendment due process claims against defendants Ball and Rodriguez. *See generally* Dkt. No. 13.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening

change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*[5] Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

In these case, because the defendants and claims identified in the motion for reconsideration have already been reinstated by virtue of the acceptance of Walker's amended complaint for filing, plaintiff's motion for reconsideration is denied as moot.

## III. CONCLUSION

Therefore, it is

ORDERED that

1. The amended complaint (Dkt. No. 11) is accepted for filing and is the operative pleading in this action;

2. The Clerk of the Court is directed to add R. Ball, Captain, Washington Correctional Facility and A. Rodriguez, Acting Director, NYS DOCCS Appeals Unit, to the docket report as defendants;

---

[5] Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id*.

11

3. Defendants St. Johns and Noonan shall file a response to the amended complaint **within thirty (30) days** of the filing of this Decision and Order;

4. Plaintiff shall advise the Court in writing, **within thirty (30) days** of the filing date of this Decision and Order, whether he waives **for all times** all claims in this action relating to disciplinary sanctions arising out of defendant Ball's December 2015 disciplinary disposition affecting the duration of his confinement (recommended good time loss) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement;

5. In the event plaintiff fails to timely file the required *Peralta* waiver, he will be deemed to have refused to waive the claims relating to disciplinary sanctions arising out defendant Ball's December 2015 disciplinary disposition affecting the duration of his confinement (recommended good time loss), and the due process claims relating defendant Ball's December 2015 disciplinary disposition and the appeal to defendant Rodriguez shall be dismissed without prejudice in their entirety;

6. Upon plaintiff's filing of the *Peralta* Waiver, or at the expiration of thirty days with no *Peralta* waiver filed, the Clerk shall return this file for further review;

7. Plaintiff's motion for preliminary injunctive relief (Dkt. No. 12) is **DENIED**;

8. Plaintiff's motion for reconsideration (Dkt. No. 13) is **DENIED**; and

9. The Clerk shall serve a copy of this Decision and Order on the parties.

IT IS SO ORDERED.

_____
United States District Judge

Dated: August 29, 2016
Utica, New York.