**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

ERIC WALKER, *a/k/a Eric Qwasim Z Walker, a/k/a*
*Eric Z Q Walker*,

                           Plaintiff,

           - v -                                     Civ. No. 9:16-CV-0437
                                                           (DNH/DJS)

R. BALL, *Captain, Washington Correctional Facility, et al.*,

                           Defendants.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

ERIC WALKER
Plaintiff, *Pro Se*
15-A-2625
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

HON. ERIC T. SCHNEIDERMAN            NICOLE E. HAIMSON, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

# ORDER

In April 2016, *pro se* Plaintiff Eric Walker commenced this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. At the time he commenced this action, Plaintiff was in the custody of the Department of Corrections and Community Supervision ("DOCCS") and was confined at Green Haven Correctional Facility ("Green Haven"). *Id.* Plaintiff filed an Amended Complaint, Dkt. No. 11, which was accepted for filing by the Court on August 29, 2016, Dkt. No. 22. On September 29, 2016, a Mandatory Pretrial Discovery and Scheduling Order was issued,

setting forth, *inter alia*, deadlines for discovery and filing of dispositive motions. Dkt. No. 28.

On July 10, 2017, Defendants requested an extension of the dispositive motion deadline, Dkt. No. 48, which the Court granted, Dkt. No. 49. The Court's Order—served on Plaintiff by regular mail at his address of record at Green Haven—was returned as "undeliverable as addressed" because the recipient was "no longer here." *See* Dkt. No. 52. On July 19, 2017, Defendants filed a Motion for Summary Judgment and served a copy of the same on Plaintiff at a private address: 20 Pierce Road, Apt. # 60, Newburgh, New York 12550. Dkt. Nos. 50 & 50-15. On July 20, 2017, the Clerk of the Court sent Plaintiff a Notice advising him that a Motion for Summary Judgment had been filed and that his response was due on or before August 21, 2017. Dkt. No. 51. The Notice further advised Plaintiff of the consequences if he failed to respond to the Motion. *Id.* The Notice was served on Plaintiff at his address of record at Green Haven, as well as the address in Newburgh, New York, and enclosed was a change of address form. *Id.* That Notice was again returned as undeliverable by Plaintiff's address of record at Green Haven. Dkt. No. 53. To date, Plaintiff has not responded to Defendants' Motion nor provided the Court with an updated address.

In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address.**" (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address

changes normally would be reflected by those inquiries if made in writing.
*Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).

Indeed, courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Dansby v. Albany Cty. Corr. Facility Staff*, 1996 WL 172699.

In light of Plaintiff's *pro se* status, the Court will provide him an opportunity to confirm his current address. Plaintiff should note that his failure to comply and notify the Court of his current whereabouts may result in this Court recommending dismissal of this action.

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff shall, within **thirty days** of the filing date of this Order, provide the Court and opposing counsel with confirmation in writing of his present address. Plaintiff shall also inform the Court and opposing counsel his intentions with regard to the pending Motion for Summary Judgment and explain why he did not respond to such Motion within the time allotted; and it is further

**ORDERED**, that should Plaintiff fail to comply with this Order and confirm his address, the Clerk shall return the matter to the undersigned so that a recommendation of dismissal can be issued for the District Judge's review; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon Plaintiff at the following addresses:

Green Haven Correctional Facility     20 Pierce Road
P.O. Box 4000                AND      Apt. # 60
Stormville, NY 12582                  Newburgh, NY 12550

**IT IS SO ORDERED**.

Date:   October 31, 2017
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge