**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ERIC WALKER,

                              Plaintiff,

         - v -                                          Civ. No. 9:16-CV-437
                                                              (DNH/DJS)

R. BALL, Captain, Washington Correctional Facility,
A. RODRIGUEZ, Acting Director, NYS DOCCS Appeals
Unit, ST. JOHNS, Correction Officer, Washington
Correctional Facility, and WM. NOONAN, Sergeant,
Washington Correctional Facility,

                              Defendants.

**APPEARANCES:**                                        **OF COUNSEL:**

ERIC WALKER
Plaintiff, *Pro Se*
15-A-2625
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

HON. ERIC T. SCHNEIDERMAN                    NICOLE E. HAIMSON, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        *Pro se* Plaintiff Eric Walker brought this action, pursuant to 42 U.S.C. § 1983,

alleging his constitutional rights were violated while an inmate at Washington Correctional

Facility. The Amended Complaint asserts claims for excessive force, retaliation, and the

violation of his due process rights regarding a prison disciplinary hearing and subsequent

appeal.  *See generally* Dkt. No. 11, Am. Compl.  Presently pending is Defendants' Motion for Summary Judgment which was filed on July 19, 2017.  Dkt. No. 50.  To date, Plaintiff has filed no response to that motion.  For the reasons that follow, it is recommended this case be **dismissed** pursuant to Fed. R. Civ. P. 41 based on Plaintiff's failure to prosecute or, in the alternative, that Defendants' Motion be **granted**.

## I.  DISMISSAL UNDER FED. R. CIV. P. 41

As noted above, Defendants' Motion for Summary Judgment was filed on July 19, 2017.  The motion papers included a certificate of service indicating it was served on Plaintiff that same day.  Dkt. No. 50-15.  On July 20, 2017, the Clerk of the Court provided an additional notice to Plaintiff regarding the filing of the motion.  Dkt. No. 51.  That notice advised Plaintiff that his response was due on or before August 21, 2017 and informed Plaintiff of the consequences that could occur should he fail to respond to the Motion.  *Id.* That notice was returned as undeliverable to the address on record with the Court.  Dkt. No. 53.

Having received no response to Defendants' Motion, on October 31, 2017, the Court issued an Order directing Plaintiff to provide the Court and opposing counsel with confirmation, in writing, of his present address, inform of his intentions with regard to the pending Motion for Summary Judgment, and explain why he did not respond to such Motion within the time allotted.  Dkt. No. 54. That Order was served at Plaintiff's address of record at Green Haven Correctional Facility and at an address in Newburgh, New York.  The Order mailed to Green Haven Correctional Facility was again returned with the notation that

Plaintiff was "No Longer Here."  Dkt. No. 57.  Following receipt of a status report from Defendants' counsel, the October 31, 2017 Order was re-served upon Plaintiff at a second address in Newburgh, New York. *Id.*  No mail sent to the Newburgh addresses was returned as undeliverable, but Plaintiff did not respond to the Order.

To date, the Court has not received a response by Plaintiff to the Defendants' Motion nor any notification that he has changed his address. In this District, all litigants have an ongoing obligation to keep their address information updated with both the Court and adversaries. N.D.N.Y.L.R. 10.1(c)(2) ("**All attorneys of record and pro se litigants must immediately notify the Court of any change of address**." (emphasis in original)). A party's failure to provide such information is grounds for dismissal. N.D.N.Y.L.R. 41.2(b). As then-District Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted).  Indeed, courts in the Northern District of New York have dismissed lawsuits brought by pro se plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Williams*

*v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996). The correctness of a dismissal pursuant to Rule 41(b) is determined in light of five factors: (1) whether plaintiff's failure to prosecute or to comply with the court's orders or procedural rules caused a delay of significant duration; (2) whether plaintiff was on notice that failure to prosecute or to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996). In making use of this test, "[n]o one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The Court has not had any communication from Plaintiff since May 2017, Dkt. No. 46, and has no means by which to effectively communicate with him. Plaintiff's failure to provide an updated address or to oppose a dispositive motion evidences his apparent

abandonment of this case and evinces an intent to not prosecute this action. The Court finds that this period of noncompliance with the requirement that he notify the Clerk's Office and Defendants of his current address weighs in favor of dismissal. Moreover, the Court finds that Plaintiff was afforded proper notice of his obligation to advise the Court and counsel of his address and the consequences of his failure to comply. Any further warnings to Plaintiff would naturally fall on deaf ears as we have no way of contacting him. The Court also finds that Defendants are likely to be prejudiced by further delay in the proceedings, which may well affect witnesses' memories, the ability to locate witnesses, and the preservation of evidence. With regard to the fourth factor, under the circumstances, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case and weighs in favor of the dismissal of this action.

Lastly, the Court has carefully considered sanctions less drastic than dismissal. Without the ability to communicate with Plaintiff, however, there is no meaningful way to procure his "reappearance" to actively prosecute this action. Moreover, simply waiting for him to comply with his obligations has not been, and is not likely to be, fruitful, since he has failed to do so for some months now. As a result, the Court finds that the fifth factor also weighs in favor of dismissal.

In sum, in light of the fact that Plaintiff cannot be located or communicated with at his address of record, and given his failure to comply with his obligation to advise the Court and counsel of any change in his address, I recommend that this action be dismissed.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In the alternative, the Court also recommends that the Motion for Summary Judgment be granted. For the reasons set forth below, there are no disputed questions of material fact and Defendants are entitled to judgment as a matter of law on Plaintiff's claims.

### A.  Standard of Review

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *accord F.D.I.C. v. Giammettei,* 34 F.3d 51, 54 (2d Cir. 1994). The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine dispute as to material facts. *F.D.I.C. v. Giammettei*, 34 F.3d at 54 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994) (alteration and emphasis in original) (citation omitted). However, it is well settled that on a motion for summary judgment, the court must construe the evidence in the light most favorable to the non-moving party. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999). And, any ambiguities and inferences drawn from the facts must also be viewed in the light most favorable to the non-moving party. *LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995).

When a motion for summary judgment is unopposed, the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3); *see also* N.D.N.Y.L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers ... shall be deemed as consent to the granting or denial of the motion.").

This District's Local Rules provide that "[t]he Court shall deem admitted any facts set forth in the [moving party's] Statement of Material Facts that the opposing party does not specifically controvert." N.D.N.Y.L.R. 7.1(a)(3) (emphasis in original). Local Rule 7.1(a)(3) further requires that the non-movant shall file a Statement of Material Facts which mirrors the movant's statement in matching numbered paragraphs and which sets forth a specific reference to the record where the material fact is alleged to arise. *Id.* The courts of the Northern District have adhered to a strict application of Local Rule 7.1(a)(3)'s requirement on summary judgment motions. *Giguere v. Racicot*, 2002 WL 368534, at *2 (N.D.N.Y. Mar. 1, 2002) (citing, *inter alia*, *Bundy Am. Corp. v. K-Z Rental Leasing, Inc.*, 2001 WL 237218, at *1 (N.D.N.Y. Mar. 9, 2001)).

### B. Factual Background

On December 2, 2015, while an inmate at Washington Correctional Facility, Plaintiff was issued an inmate misbehavior report by Defendant Sergeant Noonan. Dkt. No. 50-7, Ball Decl. at ¶ 21. The misbehavior report charged Plaintiff with attempted assault on staff,

violent conduct and failure to obey a direct order. Ball Decl., Ex. A at p. 16. The report alleged, in part, that when Defendant Noonan attempted to address Plaintiff, Plaintiff attempted to strike Noonan in the face. *Id.* Plaintiff denies this claim and instead claims that Noonan and Defendant Corrections Officer St. Johns subjected him to an unjustified assault on December 2, 2015. Dkt. No. 11, Am. Compl. at p. 5.

After the misbehavior report was issued Plaintiff was transferred to a Special Housing Unit. Ball Decl, Ex. A at p. 16. He received a copy of the misbehavior report on December 5th. Ball Decl. at ¶ 10; Dkt. No. 50-11, Pl.'s Dep. at pp. 142-43. Plaintiff was given the opportunity to select an employee assistant to help him prepare for his hearing. Ball Decl. at ¶ 12 & Ex. A at p. 11. He met with his assistant and indicated he did not wish to call any witnesses at the hearing. *Id.* at ¶ 13 & Ex. A at p. 12. During the hearing Plaintiff initially stated he did not wish to call any witnesses, but later requested the testimony of inmate Devon Williams. *Id.* at ¶ 14 & Ex. B at pp. 1, 9-10. Inmate Williams refused to testify. Ball Decl. at ¶ 15 & Ex. A at p. 15. Defendants Noonan and St. Johns both testified. *Id.* at Ex. B. Plaintiff was given the opportunity to question each witness. *Id.*

At the conclusion of the hearing, Defendant Noonan read his determination finding Plaintiff guilty of the charges into the record. Ball Decl., Ex. B at pp. 10-11. Plaintiff also received a written disposition. Ball Decl. at ¶ 29. Plaintiff then filed an administrative appeal of Ball's disciplinary determination to New York State Department of Corrections and Community Supervision's ("DOCCS") Central Office. Dkt. No. 50-13, Rodriguez Decl. at ¶ 9. That appeal was reviewed and affirmed. *Id.* at ¶ 10.

Plaintiff filed no administrative grievance regarding the events that took place on December 2, 2015.  Am. Compl., ¶ 4(b); Dkt. No. 50-4, Bellamy Decl. at ¶ 15.

### C.  Analysis of the Defendants' Motion

*1. Failure to Exhaust Administrative Remedies*

Defendants Noonan and St. Johns seek summary judgment solely on the ground that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) which provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

There is no question that Plaintiff did not exhaust his claims against these defendants. The record shows that no grievances were filed by Plaintiff concerning any events on December 2, 2015.  Bellamy Decl. at ¶ 15.  Indeed, Plaintiff's Amended Complaint conceded his failure to exhaust.  Am. Compl. at ¶ 4(b).

Exhaustion under this statute is mandatory.  *Williams v. Priatno*, 829 F.3d 118, 123 (2d Cir. 2016).  The failure to exhaust will be excused only if there was not truly an "available" means by which to exhaust the claim.  *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016).  Once Defendants have established the existence of a viable exhaustion procedure the burden shifts to Plaintiff to establish that resort to the established grievance procedure was actually not available to him within the meaning of *Ross*.  *Gilpin v. Jones*, 2017 WL 6558658, at *4 (W.D. Wash. Dec. 1, 2017), *report and recommendation adopted*, 2017 WL

6558182 (W.D. Wash. Dec. 22, 2017); *Washington v. Rounds*, 2016 WL 7015666, at *5 (D. Md. Nov. 30, 2016) (citing cases). In support of summary judgment, defendants have offered evidence of DOCCS' inmate grievance policies and procedures. Bellamy Decl. at ¶¶ 5-8 & 10. They have also offered evidence to show that at the time of the events in question, "Washington [Correctional Facility] had a fully functioning inmate grievance process available." *Id.* at ¶ 12. This satisfies Defendants' burden of establishing that administrative remedies were available to Plaintiff.

*Ross* recognized three circumstances under which the ability to exhaust might not be available to an inmate. Inasmuch as he has not responded to the motion, Plaintiff has not met his burden of establishing that any of the exceptions apply. Moreover, an independent review of the record shows that none of the exceptions applies here.

First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross v. Blake*, 136 S. Ct. at 1859. "Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* While Plaintiff did not file any grievances regarding the alleged misconduct of Noonan and St. Johns, Bellamy Decl. at ¶ 15, he did file grievances regarding other issues. *Id.* at Ex. A. This shows that Plaintiff did not view the filing of grievances as a dead end. It also demonstrates that he clearly understood DOCCS' inmate grievance policy and could navigate it when he wished to pursue a grievance. As

such, the first two exceptions identified under *Ross* are not applicable here.  *Gonzalez v. Coburn*, 2017 WL 6512859, at *6 (W.D.N.Y. Dec. 20, 2017) ("Plaintiff's decision to affirmatively participate at all three levels in the inmate grievance program demonstrates that the program was neither a dead-end nor so opaque that Plaintiff could not avail himself of it.").

Third, a remedy is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Ross v. Blake*, 136 S. Ct. at 1860.  The Amended Complaint makes no allegation that Plaintiff's ability to file a grievance was in any way interfered with and the record supports no such inference.  Plaintiff was able to fully process an appeal of his Superintendent's Hearing through the appropriate administrative channels.   Dkt. No. 11-2, Supplement to Am. Compl. at p. 6; Rodriguez Decl., Ex. A.  He also fully participated in the filing of unrelated grievances.  Bellamy Decl., Ex. A.  These factors strongly suggest there was no impediment to Plaintiff's ability to grieve these claims.  During his deposition Plaintiff made only conclusory assertions that the grievance may not have been filed because of his "feeling at the time" that his mail was being tampered with.  Pl.'s Dep. at p. 132.  Such a lone conclusory claim is not a sufficient basis from which the Court can conclude that the grievance procedures were not available to Plaintiff.  *Aviles v. Tucker*, 2016 WL 4619120, at *4 (S.D.N.Y. Sept. 1, 2016).

Accordingly, given Plaintiff's conceded failure to exhaust the available administrative remedies available to him through DOCCS' grievance program his claims against Defendants

Noonan and St. John should be dismissed.

### 2. Claims Related to Plaintiff's Disciplinary Hearing

The remaining claims relate to the Defendant Ball's conduct of Plaintiff's disciplinary hearing and Defendant Rodriguez' subsequent affirmance of Ball's decision. Plaintiff alleges that these Defendants violated his right to Due Process. For the reasons which follow, Defendants are entitled to summary judgment.

In the context of an inmate disciplinary proceeding due process requires that the inmate be: (1) afforded advance written notice of the charges against him; (2) provided a written statement supporting the disposition and reasons for the disciplinary action taken; (3) permitted to call witnesses and present documentary evidence; (4) entitled to a fair and impartial hearing officer; and (5) found guilty only if the disposition is supported by at least "some evidence." *Wolff v. McDonnell*, 418 U.S. 539, 563–64 (1974); *Kalwasinski v. Morse*, 201 F.3d 103, 108 (2d Cir. 1999) (citing cases). Additionally because Plaintiff was confined to a special housing unit prior to his disciplinary hearing he was also entitled to an employee assistant. *Clark v. Gardner*, 256 F. Supp. 3d 154, 170 (N.D.N.Y. 2017). The record here establishes that all of these due process requirements were complied with in Plaintiff's case. Summary judgment, therefore, is appropriate.

As to a number of these requirements, the record clearly establishes that they were satisfied and Plaintiff makes no argument to the contrary. Plaintiff received notice of the misbehavior report on December 5, 2015. Ball Decl., Ex. A at p. 2. The hearing was not held until December 9, 2015. Ball Decl., Ex. B at p. 1. Plaintiff was given the opportunity

to select an employee assistant before the hearing. Ball Decl., Ex. A at p. 11. He meet with that assistant on December 7th. *Id.* at p. 12. At that time he indicated that he did not wish to call any witnesses on his behalf. *Id.*; Ball Decl., Ex. B at p.1. At the hearing, he did then request to call one witness, an inmate named Devon Williams. *Id.* at pp. 9-10.[1] At the conclusion of the hearing Plaintiff received a written copy of the disposition and reasons for it from Defendant Ball. Ball Decl., Ex. A at pp. 4-5.

Due process also requires that an inmate have a fair and impartial hearing officer. "An impartial hearing officer is one who 'does not prejudge the evidence' or an inmate's guilt." *Sowell v. Bullis*, 2016 WL 1696454, at \*13 (N.D.N.Y. Mar. 25, 2016), *report and recommendation adopted*, 2016 WL 1700410 (N.D.N.Y. Apr. 27, 2016). Here, it appears that Plaintiff's sole objection is that Ball should not have served as the hearing officer because he had knowledge of the underlying events which under a DOCCS regulation made it inappropriate to act as the hearing officer. While Plaintiff cites 7 N.Y.C.R.R. § 253.1(b) in support of this argument, see Supplement to Am. Compl. at p. 1, it appears that the provision actually applicable to Plaintiff's claim is 7 N.Y.C.R.R. § 254.1. That regulation provides: "The following persons shall not be appointed to conduct the proceeding: a person who actually witnessed the incident; a person who was directly involved in the incident; the review officer who reviewed the misbehavior report, or a person who has investigated the incident."

---

[1] Inmate Williams refused to testify. Ball Decl., Ex. A at p. 15. The Amended Complaint makes no allegation that Williams' failure to testify prejudiced Plaintiff or was otherwise unconstitutional.

At the outset "a violation of state procedural law does not necessarily mean that the federal due process clause has been violated." *Shabazz v. Bezio*, 669 F. App'x 592, 593 (2d Cir. 2016) (citing *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003)). More importantly, the only apparent involvement of Ball to which Plaintiff complains is Ball "asking if I gave someone an inmate [sic] my DIN number." Supplement to Am. Compl. at p. 1. Ball denies having this interaction with Plaintiff, Ball Decl. at ¶ 34, but it in any event would not establish involvement or an investigatory role on Ball's part sufficient to run afoul of either Section 254.1 or constitutional due process. A review of the hearing transcript also reveals no evidence of bias on Bell's part. *See generally* Bell Decl., Ex. B.

On the issue of the sufficiency of the evidence, the Second Circuit looks to "whether there was 'reliable evidence' of the inmate's guilt." *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004). Here, Ball based his finding of guilt on the testimony of St. Johns and Noonan whom he found to be credible witnesses, the recitation of events in the misbehavior report, and the injuries suffered (and not suffered) by Plaintiff. Ball Decl. at ¶¶ 21-27. Noonan's testimony was consistent with the facts set forth in the misbehavior report. This evidence was sufficient for the guilty determination rendered in this proceeding. *Kotler v. Daby*, 2013 WL 1294282, at *10 (N.D.N.Y. Mar. 28, 2013) (citing cases) (finding "some evidence" standard satisfied when hearing testimony was consistent with misbehavior report). Plaintiff objects that Ball improperly relied on St. Johns' testimony because, despite being a witness to the underlying conduct, St. Johns did not separately endorse the misbehavior report. Am. Compl. at p. 1. However, the regulation on which Plaintiff relies for this argument 7

N.Y.C.R.R. § 251–3.1(b)

> requires an endorsement of other DOCS employees present at the incident only *where appropriate* [and] has consistently been construed as containing what is in essence a materiality requirement. As a result, in order for there to have been a violation of Section 251–3.1(b), an inmate must show that the failure to endorse the misbehavior report caused him prejudice. There can be no such prejudice where the employees who failed to endorse the report either (1) testified at the hearing or (2) had their testimony waived by the inmate.

*Cusamano v. Sobek*, 604 F. Supp. 416, 482–83 (N.D.N.Y. 2009) (emphasis added). Given that St. Johns testified at the hearing and Plaintiff was afforded the opportunity to question him, there is simply no basis for establishing a violation of due process from his arguable failure to comply with a state regulation. *Shabazz v. Bezio*, 669 F. App'x at 593.

Rodriguez' sole involvement was to review a staff report of Ball's disciplinary determination. Rodriguez Decl. at ¶¶ 9-11. When the underlying hearing fully comports with due process, there can be no liability on the part of the individual who reviewed the disciplinary appeal. *See*, *e.g.*, *Lopez v. Whitmore*, 2015 WL 4394604, at *11 (N.D.N.Y. July 16, 2015) (dismissing due process claim against DSH Prack "[b]ecause his only involvement in the plaintiff's claims was to affirm the results of a disciplinary hearing that th[e] court ... found comported with due process"); *Cole v. New York State DOCCS*, 2016 WL 5394752, at *28 (N.D.N.Y. Aug. 25, 2016) (no due process violation by appeal officer when there is no basis to conclude that hearing was conducted in a manner that failed to comport with due process); *Wesolowski v. Harvey*, 784 F. Supp. 2d 231, 234 (W.D.N.Y. 2011) (finding no constitutional claim against supervisor where no underlying constitutional violation

occurred); *Alston v. Bendheim*, 672 F. Supp. 2d 378, 388 (S.D.N.Y. 2009) ("The failure to state a claim for an underlying constitutional violation forecloses supervisory liability."). For the reasons outlined above, Plaintiff's hearing fully complied with the requirements of due process and so Rodriguez is also entitled to summary judgment.

### 3. Qualified Immunity

The doctrine of qualified immunity shields public officials from suit for conduct undertaken in the course of their duties if it "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Whether an official protected by qualified immunity may be held liable for an alleged unlawful action turns on the objective legal reasonableness of the action assessed in light of the legal rules that were clearly established at the time the action was taken. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987); *Lewis v. Cowan*, 165 F.3d 154, 166 (2d Cir. 1999).

In this case Plaintiff raises specific objections to only two aspects of the process required by *Wolff* - the impartiality of the hearing officer and the sufficiency of the evidence. Both objections relate primarily to Plaintiff's view that the disciplinary proceedings were conducted in violation of state procedural requirements. Supplement to Am. Compl. at pp. 8-12. There is no clearly established law that the failure to comply with a state regulation constitutes a due process violation. On the contrary "[n]either federal nor state officials lose their immunity by violating the clear command of a statute or regulation—of federal or of

-16-

state law—unless that statute or regulation provides the basis for the cause of action sued upon." *Jamison v. Fischer*, 617 F. App'x 25, 28 (2d Cir. 2015) (quoting *Davis v. Scherer*, 468 U.S. 183, 194 n. 12 (1984)).  That is not the case in the context of an inmate disciplinary proceedings.  *Id.*

Additionally, for the reasons set forth above, the disciplinary determination was supported by sufficient evidence.  At the very least, however, qualified immunity is appropriate as to that claim because 'neither this circuit nor the Supreme Court has clearly defined standards for determining what constitutes "some evidence" in the context of prison disciplinary hearings; rather, decisions have addressed the problem piecemeal, focusing on the discrete problems raised by the facts of particular cases."  Sira v. Morton, 380 F.3d 57, 81 (2d Cir. 2004).

Accordingly, Defendants Ball and Rodriguez are also entitled to summary judgment on the ground of qualified immunity.

## IV.  CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the case be **DISMISSED** under Fed. R. Civ. P. 41; and it is further

**RECOMMENDED** Defendants' Motion for Summary Judgment (Dkt. No. 50) be **GRANTED**; and it is further

*-17-*

**RECOMMENDED**, that the Amended Complaint be **DISMISSED** in its entirety; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action. The Report-Recommendation shall be served upon Plaintiff at each of the following three addresses:

Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582

75 Benkard Ave.
Apt. 2
Newburgh, New York 12550

20 Pierce Road
Apt. # 60
Newburgh, New York 12550

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. <u>**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS[2] WILL PRECLUDE APPELLATE REVIEW.**</u> *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir.

---

[2]If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  February 16, 2018
       Albany, New York


_____
Daniel J. Stewart
U.S. Magistrate Judge

*-19-*